IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALTERNATE FUELS, INC. ) | |
| ) | Case No.: 09-20173 |
| Debtor ) | |
| ) | |
| ) | |
| ALTERNATE FUELS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary No.: 09-06018 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| acting by and through the CLERK OF THE ) | |
| UNITED STATES DISTRICT COURT FOR ) | |
| THE WESTERN DISTRICT OF MISSOURI ) | |
| ) | |
| Defendant ) | |

**MOTION TO INTERVENE OF INTERESTED PARTY
TRAVELERS CASUALTY & SURETY COMPANY**

COMES NOW interested party, Travelers Casualty & Surety Company ("Travelers", and for its Motion to Intervene of right pursuant to Rule 24 of the Federal Rules of Civil Procedure and Rule 7024 of the Federal Rules of Bankruptcy Procedure states as follows:

1.      Alternate Fuels, Inc. ("AFI") has filed the above styled bankruptcy case and, as debtor in possession, the above styled related adversary case.

2.      AFI has failed to join in the adversary proceeding all required parties having an interest relating to the subject of the adversary proceeding, including Travelers, whose absence as a practical matter may impair or impede such parties' ability to protect such interests.

3.      AFI, as debtor in possession, seeks by its adversary complaint the turnover of funds interpleaded in the United States District Court for the Western District of Missouri, Case No. 02-1182-CV-W-JTM.

4.      The following have been joined as interpleaded defendants in the Missouri Western District federal court interpleader case and have asserted substantial[1] claims to the funds in such action: Travelers; Stumbo Hanson, LLP; W.K. and Earlene Jenkins; Continental Insurance Company; the Beachner parties[2]; State of Missouri, Department of Natural Resources; Larry Pommier; and Fowler Land Company. None of these parties is a party to this adversary proceeding in which AFI seeks to have the entire interpleaded fund turned over.

5.      No party other than AFI[3] has objected to the jurisdiction of the United States District Court for the Western District of Missouri in the interpleader action.

6.      The interpleader action has progressed as reflected in the copy of the docket entries entered in the case and attached hereto as **Exhibit A**.  The parties are prevented from going forward in that case by virtue of the filing of this bankruptcy case and the automatic stay of litigation associated with the filing of a bankruptcy by a party to such litigation.

7.      As a defendant and claimant in the interpleader case, Travelers, like the other interpleader defendants, clearly has an interest in the interpleaded fund and has taken substantial steps to establish its claims in the interpleader action. The bankruptcy filing and the relief sought by AFI in the adversary proceeding "may," and is in fact likely to, "as a practical matter impair or impede [such parties'] ability to protect that interest." Moreover, the interpleaded fund will be

---

[1] These claims range from hundreds of thousands of dollars to the Jenkinses' claim in the amount of $4,437,704.39.
[2] The Beachner parties include Beachner Construction Company, Inc., Beachner Brothers, Northeastern Oklahoma Contracting Corp., Western Contracting Corp., and Western Bridge Co., Inc., and all such parties have collectively moved to intervene in the interpleader action.
[3] It appears that it may actually be Larry Pommier, the former president of AFI, rather than AFI, who objects. John W. Capito has filed his separate Motion to Dismiss [Doc. #19] in the bankruptcy case in which he claims to be the sole owner and officer of AFI, both at the time of and since the filing of the bankruptcy petition.

2

eroded by administrative expenses of the bankruptcy, fees of the debtor-in-possession, attorneys' fees of the debtor's counsel, and costs to which the interpleaded fund would not be subject if administered and disposed of in the interpleader action.

8. Neither party to the adversary proceeding adequately represents the interests of Travelers and the other interpleader defendants in that AFI is a competing interpleader defendant for the funds, while the Missouri Western District federal court has no financial stake in the funds.

9. Pursuant to 11 U.S.C. 1109(b), Travelers, as a listed creditor and a party in interest, has an absolute right to intervene in the adversary proceeding. See, e.g., *In re Marin Motor Oil,* 689 F.2d 445, 449-57 (3rd Cir. 1982).

10. As reflected in the Motion to Dismiss or Suspend filed in this bankruptcy case by Travelers on March 4, 2009 [Doc. #34], this Court lacks jurisdiction over the interpleaded funds which are held *in custodia legis* by the Western District of Missouri federal court and which are therefore not property of AFI or the bankruptcy estate within the meaning of 11 U.S.C. §541. Accordingly, the relief requested by the Adversary Complaint, turnover of the funds held by the Missouri federal court, cannot be granted, which renders the bankruptcy petition moot in that such funds are the sole purported asset of AFI.

11. Travelers herewith lodges its Motion to Dismiss Adversary Complaint and Memo in Support of Motion to Dismiss Adversary Complaint, attached hereto, which Travelers proposes to file separately upon being granted leave to intervene pursuant to this Motion.

Wherefore, in view of Travelers' manifest interest in the subject matter of this adversary proceeding and the lack of a party to such proceeding who can or would adequately represent the

interests of Travelers and others similarly situated, Travelers moves this Court to permit it to intervene and oppose the relief requested by AFI as plaintiff and debtor in possession.

**GILLILAND & HAYES, P.A.**

By: s/ Keith Witten
Keith Witten
8717 West 110th Street, Suite 630
Overland Park, KS 66210
913.317.5100 -telephone
913.317.9100 – facsimile
kwitten@gh-kc.com

**REINERT & ROURKE, P.C.**

By: /s/ Bernard A. Reinert
Bernard A. Reinert
812 North Collins, Laclede's Landing
St. Louis, MO 63102
314.621.5743 – telephone
314.621.8071 – facsimile
breinert@reinertrourke.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 19, 2009, a true correct copy of the foregoing Motion to Intervene of Interested Party Travelers Casualty & Surety Company was sent via electronic mail through the Court's CM/ECF noticing system to those parties receiving notices electronically and via U.S. mail, first-class, postage prepaid to all parties listed on the attached matrix who do not receive notices electronically.

s/ Keith Witten
Attorney for Party in Interest Travelers
Casualty & Surety Company

4